## GEORGE LaBELLE v. MINNEAPOLIS TRUST COMPANY AND ANOTHER.[1]

April 20, 1928.

No. 26,720.

**Facts stated do not make out case of money had and received and plaintiff cannot recover.**

The defendants' testate drew the check of a corporation in which he and the plaintiff were the principal stockholders for $1,500. One-half was charged to each. It was used in making the first payments on two lots in Miami, Florida, one lot for the plaintiff and the other for the deceased. The purchase was not a joint one. After the death of the decedent the company with which they dealt returned $750 to the representatives of the deceased, but refused to return a like amount to the plaintiff. It is *held* that the decedent did not convert the money of the plaintiff when he drew the check of $1,500, nor afterwards; that the $750 received by the representatives of the decedent was not in equity in part the money of the plaintiff; and that he cannot recover.

Corporations, 14 C. J. p. 871 n. 55.

[1]Reported in 219 N. W. 167.

Plaintiff appealed from an order of the district court for Hennepin county, Nordbye, J. denying his motion for a new trial. Affirmed.

*Mead & Bryngelson,* for appellant.

*Einar Hoidale,* for respondents.

DIBELL, J.

The plaintiff appealed from the probate court to the district court of Hennepin county from an order disallowing his claim of $1,500 against the estate of Thomas J. Skellet, deceased. In the district court pleadings were framed and a trial had before a jury which, under the direction of the court, found a verdict for the defendants, executors of the estate of Skellet. The plaintiff appeals from an order denying his motion for a new trial.

The plaintiff and the deceased, Thomas J. Skellet, were the principal stockholders of the Skellet Transfer Company. Skellet owned the larger part. They were induced to purchase lots in Miami, Florida, and were offered flattering promises of profits. On October 30, 1925, Skellet drew a check of the company for $1,500, $750 of which was charged to LaBelle and $750 to himself, and this money was used in making the first payment on the two lots. A designated lot was assigned to each. There can be no question but that LaBelle knew and assented to what was done. He as well as Skellet was eager for a profit on resale. It is clear that they did not intend a permanent investment. It is beyond question that LaBelle was an active participant, and we do not find it necessary to discuss the evidence.

Skellet died on January 23, 1926. The deal had not been closed. Only the first payments had been made. An effort was made to obtain a return of the money. The company with which the plaintiff and the decedent dealt returned to the representatives of Skellet the amount paid on his lot. It refused to return the money paid on the LaBelle lot. So far as appears it need not have returned either sum. The transaction was not a joint one. The money returned to the executors was not joint money. Skellet did not convert money of LaBelle when he drew the $1,500 check. The executors did not receive money in equity belonging in part to LaBelle

when the company paid the $750. The facts do not make a case of money had and received. On no theory can the plaintiff recover.

Order affirmed.